# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

ZACHARY MORRIS,
*On behalf of himself and*
*all others similarly situated*,

        **Plaintiff,**

        **v.**                          **Case No. 26-C-783**

THE MARCUS CORPORATION,

        **Defendant.**

---

### DECISION AND ORDER PARTIALLY GRANTING MOTION TO DISMISS

---

Plaintiff Zachary Morris brought this class action against Defendant The Marcus Corporation, alleging Marcus' website was inaccessible to visually impaired individuals and therefore violated Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182 *et seq*. This matter is currently before the court on Marcus' motion to dismiss or strike Morris' class allegations and to dismiss his claim for declaratory relief. Marcus' motion to dismiss or strike the class allegations will be denied as premature. Its motion to strike Morris' claim for declaratory relief will be granted.

### LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a

gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). A defendant is entitled to "fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). To state a claim for relief, a complaint must therefore include sufficient allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must "take all factual allegations in the complaint as true" and draw all reasonable inferences in the plaintiff's favor when considering a motion to dismiss for failure to state a claim, courts need not accept legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

The complaint alleges that Morris is a legally blind individual who uses screen-reading software to access websites and other online content. Compl. ¶¶ 2, 14, 17, 39, Dkt. No. 1. Morris alleges he was prevented from booking a hotel room on Marcus' website, www.grandgeneva.com, because it was incompatible with the screen-reading software Morris uses. *Id.* ¶¶ 6, 20–21. Morris brings class action allegations on behalf of himself and all others similarly situated meeting the following class definition: "all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period." *Id.* ¶ 59. He asserts a claim for violation of Title III of the ADA and seeks injunctive, declaratory, and monetary relief, as well as costs and attorney's fees on behalf of himself and others similarly situated. The complaint also includes a

2

stand-alone claim for a declaration to the effect that Marcus operates its website in a manner that fails to comply with the ADA. *Id.* ¶¶ 65–75.

In its motion to dismiss, Marcus argues the court should dismiss or strike Morris' class action allegations on the ground that Morris requests the certification of an impermissible fail-safe class. A fail-safe class is a class that "is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012). A fail-safe class is impermissible because "a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id.* Morris' class seems to meet this definition. It boils down to all vision-impaired people who suffered discrimination on account of their disability during the class period.

A district court must determine whether to certify a class "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Usually, a court will do so in response to a motion to certify a class. Until then, the class definition functions more as a "placeholder for plaintiffs to seek certification if it becomes appropriate to do so." *Cazares v. Dan Dan LLC*, No. 25-CV-1696-BHL, 2026 WL 1786303, at *2 (E.D. Wis. June 22, 2026) (quoting *Van v. Ford Motor Co.*, No. 14 cv 8708, 2016 WL 1182001, at *8 (N.D. Ill. Mar. 28, 2016)). A motion to strike class allegations may be appropriate even before a motion for class certification has been filed if it is clear from the pleadings alone that the class allegations are defective. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011). But, generally, a plaintiff can move forward with class allegations even if the pleadings include an improper fail-safe class, since a plaintiff may amend the class definition before or at the time he moves for class certification. *See* Fed. R. Civ. P. 23(c)(1); *see also Cazares*, 2026 WL 1786303, at *2.

3

Here, the court has already declined to address class certification at this early stage of the case. *See* Dkt. No. 4. Even if Marcus is correct that the class definition is improper as currently written, now is not the time to address it. The court may consider such arguments if and when Morris moves to certify the class upon a more developed record. Accordingly, the court will deny Marcus' motion to dismiss or strike the class allegations.

Marcus' motion also seeks dismissal of Morris' claim for declaratory relief. Marcus argues that Morris is not entitled to declaratory relief because the alleged damages he has sustained have already come to pass, and any declaratory relief from this court would not prevent Morris from sustaining damages. In opposition, Morris asserts that he has adequately pleaded "ongoing accessibility barriers" and, because he intends to return to the website in the future, a "real and immediate threat of future harm" exists.

The Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, provides that in a case of an "actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration . . . ." 28 U.S.C. § 2201(a). The purpose of declaratory relief is to allow the adjudication of rights and obligations in cases involving an actual controversy but have not yet reached the stage in which a party could sue for coercive relief, such as damages. 10B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE 4th § 2751 (4th ed. 2026). "A court may exercise its discretion to decline to consider an action under the DJA, particularly in cases when another remedy will achieve the same result." *Greenleaf Ltd. P'ship v. Ill. Hous. Dev. Auth.*, No. 08 C 2480, 2013 WL 4782017, at *6 (N.D. Ill. Sep. 6, 2013). Declaratory relief is generally not available in cases alleging that websites violate Title III of the ADA when the plaintiff seeks relief from discriminatory acts that have already occurred. *See Cazares*, 2026 WL 1786303, at *3

4

(collecting cases).  This is true even where the plaintiff alleges he intends on returning to the website at issue if the accessibility barriers are removed.  Morris' complaint includes requests for both declaratory and injunctive relief for the same alleged injury.  A claim for declaratory relief under such circumstances is redundant and duplicative of the claim for injunctive relief.  *Id.* Accordingly, the claim for declaratory relief will be dismissed.

## CONCLUSION

For the above reasons, Marcus' motion to dismiss and/or strike (Dkt. No. 9) is **DENIED** as to Morris' class allegations and **GRANTED** as to Morris' claim for declaratory relief.  The clerk is directed to schedule a telephone status conference to address further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of July, 2026.

William C. Griesbach
United States District Judge

5